IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Action No.   1:19-cv-1580

**LIVE NATION MERCHANDISE, INC.,**

       **Plaintiff,**

vs.

**JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,**

       **Defendants.**

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND
VIOLATIONS OF THE LANHAM ACT**

Plaintiff, Live Nation Merchandise, Inc., files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.   This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2.   Live Nation Merchandise, Inc. ("Plaintiff") is an Delaware corporation with its principal place of business in San Francisco, California.

3.   Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time.

1

This complaint will be amended when their true names and capacities are ascertained. Upon information and belief, the individual defendants will be present in and about the District of Colorado, Denver in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

4. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Colorado, Denver and is or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The performers known as "NEW KIDS ON THE BLOCK" (the "Group") is the trademark used by them in connection with the Group's performing, merchandising and other related goods in all aspects of the entertainment industry and to distinguish the Group's services from all other such artists. The Group has used their "NEW KIDS ON THE BLOCK" and their related trademark "NKOTB" in connection with their services for over 30 years.

2

8. The Group has obtained for their "NEW KIDS ON THE BLOCK" trademark US Trademark Registration No. 3889188, for use in connection with: International Class ("IC") 025 clothing, IC 016 paper products, IC 009 recordings, and IC 041 entertainment services; and for their "NKOTB" trademark US Registration Number 3607630, for use in connection with: IC 025 clothing, IC 016 paper products, IC 009 recordings, and IC 041 entertainment services. Both marks are incontestable.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale at and in the vicinity of the Group's present United States tour (the "Tour").

10. The Plaintiff has used the Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish their marks from those of others by, among other things, prominently displaying the Group's Trademarks on merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Group were attended by hundreds of thousands of people.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all

of the Group's Trademarks. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13.    On Friday, June 7, 2019 at the Pepsi Center in Denver, Colorado, the Group will perform (the "Concert"). Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States before and after all concerts on the Tour.

## **DEFENDANTS' UNLAWFUL CONDUCT**

14.    Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after their performance, and at subsequent concerts during the Tour. The tour has just begun and so have the unlawful activities of the Defendants.

15.    The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers.  Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff.  Further, the Infringing Merchandise that is being sold and to be sold by Defendants is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation of the Plaintiff for high quality Authorized Tour Merchandise.

16.    The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality

4

control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures Group and Plaintiff in that Defendants do not pay royalties for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
**(Infringement of Registered Trademark)**

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

### SECOND CLAIM FOR RELIEF
**(Violation of the Lanham Act)**

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Live Nation Merchandise, Inc. seeks relief against Defendants as follows:

A.      As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.      As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

C.      That Defendants deliver up for destruction any and all Infringing Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

   E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: June 3, 2019     Respectfully Submitted
             <u>  /s Cara R. Burns</u>
             Cara R. Burns
             Hicks, Mims, Kaplan & Burns
             28202 Cabot Road, Suite 300
             Laguna Niguel, CA 92677
             Telephone: (310) 314-1721
             FAX: (310) 314-1725
             Email: cburns@hmkblawyers.com
             Attorney for Plaintiff